Matter of Bunin v Bunin (2020 NY Slip Op 06121)





Matter of Bunin v Bunin


2020 NY Slip Op 06121


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-10427
 (Docket No. O-761-18)

[*1]In the Matter of Ivan Bunin, respondent,
v
Michael Bunin, appellant.


Tammi D. Pere, Jamaica, NY, for appellant.
Louisa Floyd, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Michael Bunin appeals from an order of protection of the Family Court, Queens County (Mildred T. Negron, J.), dated July 30, 2018. The order of protection, upon a finding that Michael Bunin committed family offenses, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner's home until and including July 29, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2018, the petitioner commenced this family offense proceeding against the appellant. After a fact-finding hearing, the Family Court found that the appellant had engaged in conduct constituting family offenses and issued an order of protection directing him, among other things, to stay away from the petitioner's home until and including July 29, 2019.
Although the order of protection expired by its own terms on July 29, 2019, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Martinez v Aguilar, 180 AD3d 915, 915).
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Gjelaj v Gjelaj, 168 AD3d 937, 938).
Here, the Family Court's credibility determinations are supported by the record and will not be disturbed. Although the Family Court failed to specify the degrees and the subsections of the relevant Penal Law statutes upon which it based its finding, this Court, exercising its independent review power, finds that the proof establishes by a preponderance of the evidence that the respondent committed the family offenses of harassment in the second degree (Penal Law § 240.26[1]) and menacing in the third degree (Penal Law § 120.15), warranting the issuance of an order of protection (see Matter of Mistretta v Mistretta, 85 AD3d 1034, 1035).
The remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court